UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
JAMES ELLIOTT,            )
                          )
            Plaintiff,    )   No. C09-0720RSL
        v.                )
                          )   ORDER GRANTING DEFENDANTS'
                          )   MOTION TO DISMISS
JANET NAPOLITANO, *et al.*,  )
                          )
            Defendants.   )
_____)

This matter comes before the Court on "Defendants' Motion to Dismiss" pursuant to Fed. R. Civ. P. 12(b)(1) and (6). Dkt. # 6. Defendants argue that the Court lacks subject matter jurisdiction over plaintiff's claim, that the claim is not ripe for adjudication, and that plaintiff has failed to state a claim for which relief can be granted. Having reviewed the memoranda, declarations, and exhibits submitted by the parties (including plaintiff's sur-reply), the Court finds as follows:

## BACKGROUND

Sunita Devi Elliot is a native and citizen of Fiji. In 1991, Sunita's brother arranged to have William John Hudon, a United States citizen, marry Sunita in an attempt to obtain immigration benefits. The marriage took place on September 3, 1991, but Hudon declined to complete the immigrant visa petition, and the couple separated on the same day. There is no indication that either Hudon or Sunita submitted an immigration document or

ORDER GRANTING DEFENDANTS'
MOTION TO DISMISS

otherwise attempted to obtain immigration benefits related to their marriage. A divorce decree was issued on January 17, 1992, in King County Superior Court. Sunita has acknowledged that she knew very little about Hudon before marrying him. After the first marriage was dissolved, Sunita asked her brother to find a substitute spouse in the United States.

On March 6, 1996, Sunita married plaintiff James Patrick Elliott. A month later, plaintiff filed a Form I-130 Petition for Alien Relative which was approved on May 24, 1996. Having established that she was, in fact, the spouse of a United States citizen, Sunita filed an application for an immigrant visa. During her interview, Sunita disclosed the details of her first marriage, including the purposes for which it was arranged. The United States Citizenship and Immigration Services ("USCIS") issued a Notice of Intent to Revoke the Form I-130 classification based on concerns regarding the bona fides of the marital relationship between Elliott and Sunita. Elliott did not respond to the Notice of Intent to Revoke, and Sunita's classification as an alien relative was revoked on October 21, 1998.

In the spring of 1999, Sunita entered the United States with a B-1/B-2 visa, which authorized her to remain in the country until September 9, 1999. Elliott filed a second Form I-130 Petition for Alien Relative on August 10, 1999. That petition was denied in February 2001 because "Sunita Devi's first marriage to a United States citizen was entered into for the purpose of evading the immigration laws . . . ." Complaint, Ex. A at 5. Elliott appealed, but the denial was affirmed by the Board of Immigration Appeals on February 7, 2002.

Following a series of hearings, Sunita was found removable and granted until May 29, 2003, to depart voluntarily. She left the United States on May 24, 2003. A third Petition for Alien Relative filed by plaintiff was approved on March 6, 2006. A year and a half later, a consular officer determined that Sunita was inadmissible pursuant to 8 U.S.C. § 1182(a)(6)(C)(I) (seeking to procure an immigration benefit through fraud or willful misrepresentation) and § 1182(a)(9)(B)(i)(II) (residing unlawfully in the United States for a period of one year or more).

Sunita therefore filed an Application for Waiver of Grounds of Inadmissibility (Form I-601). The application was denied as moot on the ground that the third alien relative petition had been "improvidently approved." Complaint, Ex. A at 7. On February 2, 2009, Sunita administratively appealed the denial. That appeal is still pending before the Administrative Appeal Office.

This action was filed on May 22, 2009. Elliott argues that, under the guise of determining the waiver of admissibility issue, the USCIS improperly revoked Sunita's alien relative classification without giving the notice required by 8 C.F.R. § 205.2.

## DISCUSSION

**A. SUBJECT MATTER JURISDICTION**

The Attorney General has the authority to grant a waiver for an alien, such as Sunita Devi Elliott, found inadmissible under § 1182(a)(6)(C)(i) and § 1182(a)(9)(B)(i)(II):

> The Attorney General may, in the discretion of the Attorney General, waive the application of [§ 1182(a)(6)(C)(i) and § 1182(a)(9)(B)(i)(II)] in the case of an immigrant who is the spouse, son, or daughter of a United States citizen . . . if it is established to the satisfaction of the Attorney general that the refusal of admission to the United States of such immigrant alien would result in extreme hardship to the citizen . . . .

8 U.S.C. § 1182(i)(1) and § 1182(a)(9)(B)(v). The decision to grant or deny a waiver of admissibility is firmly within the agency's discretion: the waiver provisions do not contain any eligibility requirements or prerequisites for relief other than the discretionary determination of extreme hardship. See Camara v. Dept. of Homeland Sec., 497 F.3d 121, 124 (2d Cir. 2007). Pursuant to 8 U.S.C. § 1182(i)(2) and 8 U.S.C. § 1252(a)(2)(B)(i), courts do not have jurisdiction to review the Attorney General's discretionary decision to deny a waiver of admissibility. See also Onikoyi v. Gonzales, 454 F.3d 1, 3 (1st Cir. 2006).

Given the unqualified statutory bars to judicial review and the fact that this litigation was triggered by the denial of Sunita's application for waiver of admissibility,

1  defendants argue that the case must be dismissed for lack of jurisdiction. While the simplicity of
2  this argument is attractive, immigration law is not simple. A number of circuit courts, including
3  the Ninth Circuit, have determined that non-discretionary legal determinations underlying
4  discretionary decisions fall outside the jurisdiction-stripping language. <u>See</u>, e.g., <u>Jean v.</u>
5  <u>Gonzales</u>, 435 F.3d 475, 480 (4th Cir. 2006); <u>Billeke-Tolosa v. Ashcroft</u>, 385 F.3d 708, 711 (6th
6  Cir. 2005); <u>Cervantes-Gonzales v. INS</u>, 244 F.3d 1001, 1005 (9th Cir. 2001). The question,
7  then, is whether the USCIS' denial of Sunita's waiver application turned on an exercise of
8  discretion (in which case the decision would be immune from judicial review) or whether the
9  denial was based on a legal determination, such as statutory ineligibility (which would be
10 reviewable).

In the peculiar circumstances of this case, USCIS' denial of Sunita's application did not involve the exercise of discretion. The agency did not evaluate or make a determination regarding the hardship Elliott would face if Sunita's application for waiver were denied, nor did it determine that Sunita's past conduct was so reprehensible that, in the Attorney General's opinion, the application should be denied. The decision discusses legal precedent and statutory restrictions: it does not reflect USCIS' discretionary choice between two viable options. USCIS denied the I-601 application as moot because it found that Sunita's third petition for classification as an alien relative should never have been granted. Whether the I-130 petition should have been approved (*i.e.*, whether fraud in Sunita's first marriage makes her ineligible for alien relative status with Elliott) and whether alien relative status is a prerequisite to a successful I-601 application (*i.e.*, whether Sunita was statutorily eligible for the requested relief) are non-discretionary determinations that are subject to judicial review. <u>See</u> <u>Freeman v. Gonzales</u>, 444 F.3d 1031, 1037 (9th Cir. 2006).

**B. RIPENESS AND FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

Plaintiff demands process. He argues that USCIS cannot short-circuit the I-130

petition revocation process (*i.e*, it cannot ignore the notice and hearing procedures set forth in 8 C.F.R. § 205.2) by simply treating the approved petition as invalid when considering Sunita's application for waiver of inadmissibility. Plaintiff therefore requests that the Court issue a writ of mandamus directing USCIS to refer the approved I-130 back to the issuing service center for full revocation proceedings.

Defendants have not shown that an appeal to the Administrative Appeals Office is the exclusive remedy available to plaintiff. Thus, exhaustion of this remedy does not appear to be a jurisdictional prerequisite to seeking a writ of mandamus. Hironymous v. Bowen, 800 F.2d 888, 893 (9th Cir. 1986). Nevertheless, the Court finds that plaintiff cannot obtain the relief sought. Plaintiff has not alleged or otherwise shown that the Administrative Appeals Office, to which Sunita has appealed the denial of her I-601 application, is unable to consider plaintiff's claim or is unable to refer the I-130 petition to the California Service Center for revocation proceedings. Mandamus is available only if the petitioner has no other adequate remedy. Patel v. Reno, 134 F.3d 929, 931 (9th Cir. 1998). Because plaintiff has not shown that the appeal pending before the Administrative Appeals Office is an inadequate remedy, he cannot obtain a writ of mandamus

For all of the foregoing reasons, defendants' motion to dismiss is GRANTED. Although the Court has jurisdiction over this matter, plaintiff is not eligible for relief in the nature of mandamus. The Clerk of Court is directed to enter judgment in favor of defendants and against plaintiff.

Dated this 21st day of September, 2009.

Robert S. Lasnik
United States District Judge